**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Connesha Waterfield,<br><br>                    Plaintiff,<br>     v.<br><br>NCO Financial Systems, Inc.; and DOES 1-10, inclusive,<br><br>                    Defendant. | Civil Action No.: _____<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Connesha Waterfield, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Connesha Waterfield ("Plaintiff"), is an adult individual residing in Vinton, Virginia, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

12. Around March 2011, Plaintiff reached an arrangement with NCO in which she agreed to pay NCO $500.00 initially and then make subsequent monthly payments of $130.00 to NCO towards the Debt. Plaintiff made several of the agreed upon payments to NCO.

13. On or about August 2, 2011, Plaintiff placed a call to NCO and notified it that she was unable to continue making $130.00 monthly payments. Plaintiff asked that NCO cease withdrawing $130.00 from her bank account on a monthly basis. NCO agreed to send Plaintiff paperwork requesting additional information about her finances. NCO explained to Plaintiff that after returning a completed copy of this paperwork, she could qualify for reduced monthly payments towards the Debt.

14. Plaintiff faxed paperwork to NCO on or about August 2, 2011, detailing her finances. Plaintiff asked that an NCO representative call her to confirm receipt of her paperwork.

15. Despite Plaintiff's request, she never received a phone call from NCO confirming receipt of her paperwork. Instead, on or about August 19, 2011, NCO withdrew $130.00 from Plaintiff's bank account. After her previous conversation with NCO, Plaintiff was under the impression that it would not continue to withdraw funds from her bank account until it reach a reduced payment arrangement.

16. NCO repeatedly threatened to garnish Plaintiff's wages in an attempt to collect the Debt. No such action has been taken to date.

17. Plaintiff was notified of NCO's unauthorized withdrawal when attempting to purchase groceries on August 22, 2011. There were no funds remaining in her bank account.

C. **Plaintiff Suffered Actual Damages**

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ*.

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the debt was not paid.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

29.     The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

30.     The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

31.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

32.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33.     The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

34.     The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

35.     As a result of the Defendants' violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;

4.  Statutory damages pursuant to 73 P.S. § 2270.5(c);

5.  Actual damages pursuant to 73 P.S. § 201-9.2(a);

6.  Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7.  Treble damages pursuant to 73 P.S. § 201-9.2(a);

8.  Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9.  Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 16, 2012

>Respectfully submitted,
>
>By /s/ JBB8445
>
>Jody B. Burton, Esq.
>Bar No.: 71681
>LEMBERG & ASSOCIATES L.L.C.
>1100 Summer Street, 3rd Floor
>Stamford, CT 06905
>Telephone: (203) 653-2250
>Facsimile: (203) 653-3424
>Attorneys for Plaintiff